T.C. Memo. 2015-81

UNITED STATES TAX COURT

DAVID H. METHVIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28477-13.                    Filed April 27, 2015.

David H. Methvin, pro se.

<u>Miles B. Fuller</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $690 with
respect to petitioner's Federal income tax for tax year 2011.

**[*2]** Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for consideration is whether petitioner is liable for self-employment tax on net income from his oil and gas interests.

Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Colorado when he filed the petition.

For most of his professional life petitioner was the chief executive officer of a computer company. He does not have any special knowledge or expertise in the area of oil and gas drilling or extraction.

In the early 1970s petitioner acquired working interests in several oil and gas ventures. These interests were no more than about 2% to 3% in any single venture. These working interests were not part of a business organization (such as a partnership, a limited partnership, a limited liability company, or a corporation) that is registered under the laws of any State. Rather, petitioner's working interests were governed by a purchase and operation agreement entered into by petitioner and Stewart Varn d.b.a. Varn Petroleum Co. of Wichita, Kansas (Varn),

**[*3]** with Varn serving as the operator of the interests. Varn transferred its interest in the operating agreement to Egan Resources, Inc. (Egan). Egan was the operator of the interests during 2011.

Under the agreement Egan managed the operations of the ventures and allocated to petitioner income and expenses from his working interests. Petitioner had no right of involvement in the management or operation of the ventures. In article 14 of the agreement the parties elected "to be excluded from the application of sub-chapter K" of the Code. Each year Egan provided petitioner with a yearend accounting indicating both the revenues and expenses allocated to petitioner's working interests.

During 2011 petitioner's working interests under the agreements generated $10,797 in revenues. Egan, as the operator, incurred expenses totaling $4,037 that were allocable to petitioner's working interests. For 2011 Egan identified the revenues as nonemployee compensation and issued petitioner a Form 1099-MISC, Miscellaneous Income, relating to his working interests. Petitioner did not receive a Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., from Egan, and Egan did not file a Form 1065, U.S. Return of Partnership Income, relating to any of petitioner's working interests.

[*4]   Petitioner timely filed his 2011 tax return.  He reported $6,760 of net income ($10,797 in revenues less $4,037 in expenses) from his working interests as "other income" on line 21 of his Form 1040, U.S. Individual Income Tax Return.  Petitioner did not pay any self-employment tax on his net income from the oil and gas venture.

Respondent determined that petitioner's income from his working interests was subject to self-employment tax.  Respondent issued a notice of deficiency on September 3, 2013.

## Discussion

### I.   Sections 1401(a) and 7701(a)

Section 1401(a) imposes a tax on the self-employment income of every individual.  "Net earnings from self-employment" is generally defined as the gross income derived by an individual from any trade or business carried on by the individual, less allowed deductions attributable to such trade or business, plus his distributable share of income or loss from any trade or business carried on by the partnership of which he is a member.  Sec. 1402(a).

A partnership is broadly defined in the Code as "a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within

[*5] the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization." Sec. 7701(a)(2); see sec 1.1402(a)-2(f), Income Tax Regs. Thus, for Federal tax purposes, the term "partnership" is not limited to the common law meaning of partnership but is broader in scope and includes groups not commonly called partnerships. Sec. 301.7701-1(a)(1) and (2), Proced. & Admin. Regs.

The parties do not dispute that the arrangement between petitioner and Varn was exempt from the application of subchapter K because of the election in article 14 of the agreement.

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rules 122(b), 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent on any relevant factual issues.

## II.    The Parties' Arguments

Respondent determined that petitioner's net profits from his oil and gas working interests are subject to self-employment tax as income from a trade or business carried on by a partnership or a joint venture taxable as a partnership or

[*6] through an agent. Petitioner contends that he was not engaged in a trade or business and was not a partner in a partnership. He argues that his minority working interests were merely investments and that his activity in connection with them does not rise to the level of a trade or business.

In support of his contention petitioner emphasizes his lack of active involvement in the operation of the wells, his lack of knowledge and expertise in the oil industry, and the fact that his working interests were small, minority interests in each well. The record supports petitioner's contention that his personal involvement in the day-to-day operation of the wells was minimal. However, a taxpayer who is not personally active in the management or operation of a trade or business may be liable for self-employment tax if the trade or business is carried out on his behalf through his agents or employees or constitutes his distributive share of income from a partnership in which he was a member. Sec. 1402(a); Cokes v. Commissioner, 91 T.C. 222 (1988); Perry v. Commissioner, T.C. Memo. 1994-215; Moorhead v. Commissioner, T.C. Memo. 1993-314; secs. 1.1402(a)-2(b), 1.1402(c)-1, Income Tax Regs.

Cokes presented a very similar factual and legal situation. Petitioner attempts to distinguish his case from Cokes on two grounds. First, he argues that the taxpayer in Cokes owned a 42.29% working interest, while petitioner's

**[\*7]** interests were only between 2% and 3%. Second, he argues that the operating agreement in <u>Cokes</u> allowed the interest holders to have more rights and involvement in the venture, such as the right to vote, than does his operating agreement. Here, as in the <u>Cokes</u> case, "[t]he question before us is whether petitioner was a member of a partnership or of a joint venture treated as a partnership, and petitioner's lack of control does not affect that question." <u>Cokes v. Commissioner</u>, 91 T.C. at 233; <u>Perry v. Commissioner</u> T.C. Memo. 1994-215. Therefore, this case is not distinguishable from <u>Cokes</u> on the ground that petitioner owned only a small minority interest or that the operating agreement provided fewer rights to the interest holders.

Petitioner also argues that in article 14 of the operating agreement the parties specifically elected to be excluded from the application of subchapter K and therefore cannot be considered a partnership. We have held that making this election "'does not operate to change the nature of the entity. A partnership remains a partnership; the exclusion simply prevents the application of subchapter K. The partnership remains intact and other sections of the Code are applicable as if no exclusion existed.'" <u>Cokes v. Commissioner</u>, 91 T.C. at 230-231 (quoting <u>Bryant v. Commissioner</u>, 46 T.C. 848, 864 (1966), <u>aff'd</u>, 399 F.2d 800 (5th Cir.

[*8] 1968)).  Accordingly, the parties' election under section 761(a) does not prevent us from finding that the operating agreements created a partnership.

Finally, petitioner points out that respondent has examined this same issue for previous tax years and one subsequent tax year.  Petitioner states that for previous years respondent has conceded the issue administratively and therefore should be precluded from prevailing in this case because of these prior concessions.  It is well established that the Commissioner's administrative concession of an issue for one tax year does not preclude his pursuing the same issue for a different tax year.  See Burlington N. R.R. Co. v. Commissioner, 82 T.C. 143, 146 (1984).

We conclude that the working interest owners and well operator created a pool or joint venture for operation of the wells.  Accordingly, petitioner's income from the working interests was income from a partnership of which he was a member under the broad definition of "partnership" found in section 7701(a)(2). See Cokes v. Commissioner, 91 T.C. at 232; Bentex Oil Corp. v. Commissioner, 20 T.C. 565 (1953).  Therefore, petitioner is liable for self-employment tax on the net income received from his working interests.

**[*9]**  Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.