**PEOPLES BANK AND TRUST COM-PANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent-Appellee.**

**No. 17384.**

United States Court of Appeals
Seventh Circuit.

Aug. 4, 1969.

Thomas J. Young, Ernest Knox, Indianapolis, Ind., for petitioner-appellant; Young & Young, Ernest Knox, Indianapolis, Ind., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Edward L. Rogers, Lee A. Jackson, Harry Baum, Jeanine Jacobs, Attys., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before KILEY and KERNER, Circuit Judges, and MORGAN, District Judge.[1]

KERNER, Circuit Judge.

This is an appeal from a decision of the Tax Court finding the petitioner deficient in the amounts of $11,026.51, $2,476.99 and $3,888.80 in income taxes for the respective calendar years 1962, 1963 and 1964.

Peoples Bank and Trust Company (Peoples) is a corporation incorporated in the State of Indiana with its principal place of business in Indianapolis, Indiana. Peoples pays interest on its passbook savings accounts on May 1 and November 1. The interest is only computed on sums that have not been withdrawn prior to the date of the interest payments.[2] A concomitant result of this is that interest for the months of November and December of any calendar year is only paid on sums that are still on deposit in the bank on May 1 of the following calendar year. Interest payments are not made on such deposits until May 1.

Taxpayer's federal income tax returns are filed on a calendar year basis. Taxable income is computed using an ac-

---

1. Judge Robert D. Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.

2. The contractual provision for passbook savings accounts is as follows:

Interest will be computed semi-annually and will be credited to savings accounts on May 1st and November 1st at the current rate on sums which shall have been on deposit for the space of one or more calendar months previous to the first day of May and November except that no interest shall be paid when the amount of interest is less than ten cents (10¢) for any interest period. Interest shall not be computed on sums withdrawn. Money withdrawn shall be deducted from the balance as of the previous interest paying date, or if the balance then be insufficient from the deposits next in order. Interest is not paid on daily or average balances. Interest not withdrawn shall be added to the principal and thereafter be entitled to interest the same as the original deposit, thereby giving the depositors compound interest.

crual method of accounting. Using the accrual method, taxpayer has deducted interest expense calculated on the basis of an experience factor for the months of November and December although the interest itself is not payable until May 1 of the next calendar year. The "experience factor" which is applied to the balance in the savings accounts on November 30 and December 31, is determined by dividing the average monthly deposit balance for the preceding period May 1 through October 31 into the total interest expense credited to the savings accounts on November 1. The amount of interest deducted using the "experience factor" has been a fairly accurate estimate of the actual interest paid for these months on May 1 of the next year.

The Commissioner determined that the taxpayer could only accrue interest expense in the amount actually credited to savings accounts during the calendar year and disallowed the excess expense deduction for the years 1962, 1963 and 1964. The Commissioner also made an adjustment under Section 481(a) (2) of Int.Rev.Code of 1954 increasing taxable income for 1962 by $20,878.77 to prevent taxpayer's accrued interest expense from not being taxed by reason of a change in accounting method.

The Tax Court agreed with the Commissioner that the taxpayer improperly accrued interest expense. The Tax Court also concluded that the change in method required by the Commissioner and the adjustment under Section 481(a) (2) were proper.

Int.Rev.Code of 1954 § 446 allows the taxpayer to compute its taxable income using the same method of accounting which is employed in keeping its books and records. Under Int.Rev.Code of 1954 § 461, a deduction must be taken in the year in which it would normally be taken under the accounting method employed by the taxpayer. Taxpayer claims that since normal accrual method accounting procedures would require a deduction for estimated interest for the last two months of the calendar year, such deduction must be allowed by the

Commissioner. Too, the taxpayer argues that as required by Section 446(b) the method employed clearly reflects income.

■ Taxpayer misconceives the meaning of Section 446. All income and deductions which may be recorded under the accrual method of accounting employed by a taxpayer are not necessarily included in computing taxable income for federal tax purposes even if according to accountants they may clearly reflect income. As the Supreme Court said in American Automobile Association v. United States, 367 U.S. 687, 693, 81 S.Ct. 1727, 1730, 6 L.Ed.2d 1109 (1961),

> This is only to say that in performing the function of business accounting the method employed by the Association "is in accord with generally accepted commercial accounting principles and practices." It is not to hold that for income tax purposes it so clearly reflects income as to be binding on the Treasury.

The Supreme Court in United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347 (1926), set down the "all events" test to determine whether income is clearly reflected. As the Court said in United States v. Consolidated Edison Co., 366 U.S. 380, 385, 81 S.Ct. 1326, 1329, 6 L.Ed.2d 356 (1961), such test is the " 'touchstone' for determining the year in which an item of deduction accrues * * *."

■ Regulation § 1.446–1(c) (1) (ii) clearly and concisely sets out the "all events" test as enunciated by the Court in *Anderson*.

> Under such a method [accrual], deductions are allowable for the taxable year in which all the events have occurred which establish the fact of the liability giving rise to such deduction and the amount thereof can be determined with reasonable accuracy.

The "all events" test requires that a fixed liability be created. It is insufficient that the amount of liability can be estimated with reasonable accuracy. The Court in *Anderson* concluded that

"all events" had occurred because the munitions tax was based on income from the past year which was already determined. While the munitions taxes had not been assessed in the legal sense, all events which would determine the amount of liability had occurred. Here all events which would fix the amount of interest to be paid have not occurred. The amount of interest payable on deposits at the end of November and December is contingent on whether those same funds will still be on deposit at the close of business on April 30 of the succeeding year. If the sums are withdrawn prior to this time, there is no interest liability. While legal liability under *Anderson* may not be a necessary requirement, all the events which determine liability must have occurred. While it may be possible to accurately estimate the amount of interest liability, the "all events" test would not be satisfied. Therefore, the Commissioner did not abuse his discretion in disallowing the estimated interest deductions for the months of November and December.

The Commissioner under Section 481 disallowed a deduction of accrued interest in the amount of $20,989.79 for 1962 because Peoples had already deducted the same interest at the end of 1961. Section 481 permits the Commissioner to readjust taxable income when a change in the "method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed * * *." has occurred.

■ Taxpayer first asserts that the improper accrual of interest expense is not a change in the method of accounting as contemplated by Section 481 but merely a change in a single item. Section 446(c) defines accounting methods which may be used in computing taxable income. Among those included are "(1)

the cash receipts and disbursements method; (2) an accrual method; * * * (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary or his delegate." An item which has been improperly accrued before it is due would be included in "any combination of the foregoing methods." See Graff Chevrolet Company v. Campbell, 343 F. 2d 568, 569, 570–571 (5th Cir. 1965), and Note, Problems Arising From Changes in Tax-Accounting Methods, 73 Harv.L.Rev. 1564, 1566–68 (1960).

■ Taxpayer also argues that to permit a readjustment under Section 481 after a change initiated by the Commissioner would not be in consonance with the statute of limitations. We disagree.

When a taxpayer uses an accounting method which reflects an expense before it is proper to do so or which defers an item of income that should be reported currently, he has not succeeded (and does not purport to have succeeded) in permanently avoiding the reporting of any income; he has impliedly promised to report that income at a later date, when his accounting method, improper though it may be, would require it. Section 481, therefore, does not hold the taxpayer to any income which he has any reason to believe he has avoided, and does not frustrate the policy that men should be able, after a certain time, to be confident that past wrongs are set at rest. Note, Problems Arising from Changes in Tax-Accounting Methods, 73 Harv.L.Rev. 1564, 1576 (1960).

See also Graff Chevrolet Company v. Campbell, 343 F.2d 568, 569, 571–572 (5th Cir. 1965).

For the foregoing reasons, the decision of the Tax Court is affirmed.

Affirmed.