**KORN INDUSTRIES, INC.**

v.

**The UNITED STATES.**

No. 268–74.

United States Court of Claims.

April 14, 1976.

Wallace C. Murchison, Wilmington, N.C., attorney of record for plaintiff. Murchison, Fox & Newton, Wilmington, N.C., of counsel.

Charles E. Auslander, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Scott P. Crampton, Washington, D.C., for defendant. Theodore D. Peyser, Jr., and Donald H. Olson, Washington, D.C., of counsel.

Before NICHOLS, KASHIWA and KUNZIG, Judges.

## ON DEFENDANT'S MOTION AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

NICHOLS, Judge.

Plaintiff, Korn Industries, Inc., brings this action to recover Federal income taxes of $27,618.80 for the taxable year ended November 30, 1969, plus statutory interest. We have jurisdiction pursuant to 28 U.S.C. § 1491. The question before the court is whether the taxpayer's inclusion of three additional items of cost in computing its finished goods inventory for taxable year 1969, not previously included, constituted a change in the plaintiff's method of accounting within the meaning of Sec. 481 of the Internal Revenue Code of 1954. We hold for plaintiff.

The material facts are not in dispute. Taxpayer, a South Carolina corporation in the business of manufacturing furniture, keeps its books and records using the accrual method of accounting, with its fiscal year ending November 30. For the fiscal year ended November 30, 1969, and for many years prior thereto, in determining its taxable income, taxpayer had arrived at and used inventory valuations as follows: Separate inventories of raw materials, work-in-process, supplies and finished goods were taken as of each November 30, based on physical count and calculation of actual cost. The actual cost of each piece of furniture in the finished goods inventory was computed by using the standard cost for that piece, which standard cost was assigned at the beginning of the year, and then adding or subtracting any variances between the standard cost and the actual cost, as of the end of the year. The standard cost of each piece of furniture was the aggregate of the cost elements of materials, labor and overhead in that piece. There were 14 kinds of materials in the finished furniture, as follows: (1) lumber, (2) squares, (3) wood bedrails, (4) metal bedrails, (5) mirrors, (6) mirror frames, (7) plywood, (8) plastic and plastic tops, (9) finishing materials (paints, varnishes, etc.), (10) glue, (11) hardware, (12) nails and screws, (13) cartons, and (14) packing supplies.

In checking inventories for fiscal 1969 plaintiff's auditors discovered that three elements of the 14 materials costs had by an accountant's error not been included in the calculation of the finished goods inventory for fiscal 1965, 1966, 1967 and 1968. These elements were plywood, plastics and plastic tops, and finishing materials, except that plastics and plastic tops had not been cost elements in 1965. These 3 elements of cost were not omitted from the raw materials inventory, the work-in-process inventory or the supplies inventory.

The cost elements omitted from the inventories for the years 1965 through 1968 were as follows:

*Fiscal year ended November 30:*

| Cost Elements | 1965 | 1966 | 1967 | 1968 |
|---|---|---|---|---|
| Plastics | -0- | $5,252 | $14,361 | $8,503 |
| Plywood | $17,676 | 14,771 | 35,054 | 38,521 |
| Finishing materials | 19,602 | 21,410 | 37,089 | 31,354 |
| Total omissions | $37,278 | $41,433 | $86,504 | $78,378 |
| Total Inventory Per Books | | $1,314,355 | $1,513,519 | $1,530,355 |
| Adjusted Total Inventory | | $1,355,788 | $1,600,023 | $1,608,733 |
| Percent of Cost of Items Omitted to Total | | 3.06% | 5.41% | 4.87% |

These improper omissions from the finished goods inventory caused a correspondingly improper addition to the cost of goods sold and thus an understatement of taxable income.

Plaintiff's income tax return for fiscal 1969 reported beginning inventories of $1,608,733, an increase of $78,378.00 over the closing inventories shown on its 1968 return. The Internal Revenue Service (IRS) audited plaintiff's return for the fiscal year ended November 30, 1969, and by a 30-day letter determined that the omission of the 3 items of materials costs in prior tax years and the adjustment in plaintiff's beginning inventory for 1969 was a "change in method accounting" during 1969 necessitating an adjustment pursuant to Sec. 481 of the Internal Revenue Code. The IRS increased plaintiff's taxable income for 1969 by $78,378, and computed a deficiency, as per Sec. 481(b)(1) of $40,023.34. Plaintiff filed a protest to the 30-day letter denying that there was a "change in method of accounting" in 1969 but admitting that its taxable income for 1967 and 1968 should be increased by $36,945. For convenience the additional taxes admitted due were calculated as a deficiency for 1969 and on September 27, 1972, plaintiff paid the IRS $19,462.64, representing $17,733.60 tax and $1,729.40 interest. Plaintiff refused to pay the balance of the $40,023.34 proposed deficiency. The real dispute is whether plaintiff has the benefit of the statute of limitations as to 1966 and 1965.

Thereafter on January 12, 1973, the IRS, by statutory notice of deficiency, determined that plaintiff owed $40,023.34 on the same basis as proposed in the 30-day letter. Plaintiff paid the balance due of $27,618 and then filed a claim for refund. Plaintiff contends that it did not change its method of accounting and that Sec. 481 is inapplicable. Plaintiff's claim was disallowed and it timely filed suit in this court.

Section 481(a) of the Internal Revenue Code of 1954 entitled "Adjustments required by changes in methods of accounting," states in pertinent part:

(a) *General rule.*—In computing the taxpayer's taxable income for any taxable year * * *

(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.

Section 481 was added to the Code in 1954 so that "If there is a change in the method of accounting employed in computing taxable income from the method employed for the preceding taxable year, adjustments must be made in order that every item of gross income or deduction is taken into account and that none are omitted. At the same time no item is to affect the computation of taxable income more than once. It is only those omissions or doubling ups which are due to the change[s] in method which must be adjusted." H.Rep. No. 1337, 83d Cong., 2d Sess. (1954), 3 U.S.Code, Cong. & Adm.News (1954), pp. 4017, 4303; S.Rep. No. 1622, 83d Cong., 2d Sess. (1954), 3 U.S.Code Cong. & Adm.News (1954), pp. 4621, 4947. Courts have recognized that the principal intent of Congress in enacting Sec. 481 was to ensure that after 1954 no item would escape taxation or be overtaxed or under-taxed when a taxpayer changed its method of accounting or reporting income. *Grogan v. United States,* 475 F.2d 15 (5th Cir. 1973); *Commissioner v. Welch,* 345 F.2d 939 (5th Cir. 1965); *Graff Chevrolet Co. v. Campbell,* 343 F.2d 568 (5th Cir. 1965). Defendant, in its brief emphasized the sentence from the House Report quoted above beginning "At the same time." However, the real issue in this case is whether there has been a "change in method of accounting." Unless this condition has been met, Sec. 481 does not come into play.

As to this, the parties have cited numerous cases. We have considered them but

none are close on the facts. The adjustments in issue present a novel problem. Defendant relies on the recent case of *Witte v. Commissioner*, 168 U.S.App.D.C. 133, 513 F.2d 391 (1975) to show that Sec. 481 covers a change from an improper method to a proper one. We may concede the truth of this, but it does not tell us, were plaintiff's egregious errors a "method" at all?

Section 481 does not define the phrase "change in method of accounting." Relevant Code Provisions and Regulations recognize that this phrase has a double meaning. The Senate Report refers to a change in the method of accounting or to a change in the manner in which taxpayers compute significant items such as inventories. At p. 4696. The applicable Regulations specify that a change in method of accounting, as contemplated by Sec. 481, includes "a change in the overall method of accounting for gross income or deductions, or a change in the treatment of a material item." Treas.Reg. 1.481–1(a). Similar language appears in Treas.Reg. 1.446–1(e), which is incorporated in Treas.Reg. 1.481. Section 446 of the Code provides further assistance in determining what constitutes a "change in method of accounting." Section 446(a) provides that taxable income shall be computed under the method of accounting on the basis of which a taxpayer regularly computes his income. Overall methods of accounting are the cash receipts and disbursements method, the accrual method, other permissible methods such as the crop method, installment method, long-term contract method and combinations of the foregoing. Treas.Reg. 1.446–1(c). Moreover, Treas.Reg. 1.446–1(e)(2)(ii) provides rules relating to changes in methods of accounting. A change in the overall method of accounting is a change from accrual to a cash basis system and vice versa, or cash or accrual to long term contracts. Taxpayer here computed its income under the accrual method of accounting. It did not change to any different method. Plaintiff's actions in adjusting its inventory is clearly not a change in the overall method of accounting. To come within the statute then it must be shown that plaintiff's inclusion of the three items constituted a change in the treatment of a material item.

The Treasury Regulations exemplify "material item" in 1.481–4(g)(3) as research and experimental expenditures, soil and water conservation expenditures, last-in, first-out inventories and exploration expenditures. Plaintiff points out that these "items" constitute entire classes of expenditures rather than individual items of costs such as plaintiff omitted. While the Regulation is not directly applicable to this case, it does provide some guidance in delineating a material item. Of further help is Treasury Regulation 1.446–1(e)(2)(ii)(a) (1973) which defines material item as "any item which involves the proper time for inclusion of the item in income or the taking of a deduction." Defendant urges that plaintiff's treatment of the 3 items in question was changed in 1969 from currently expensing those items to deferring the deduction by including them as inventory cost, constituting a change in the treatment of an item affecting the proper time for taking the deduction. Defendant quotes Treas.Reg. 1.446–1(e)(2)(ii)(c) which provides that a change in the overall plan or system of identifying or valuing items in inventory is a change in the method of accounting and that change in the treatment of any material item used in the overall plan for identification or valuing inventory is a change in the method of accounting. However such an interpretation overlooks the realities of the case. At no time did plaintiff change its standard cost method of valuing inventories. Plaintiff did not change its basis of valuation from cost to the lower of cost or market price. It did not neglect to include overhead in valuing inventories. It did not deduct a percentage of the cost of inventory items in valuing inventory. It did not omit the cost of the 3 items of materials from the year end inventory, raw materials inventory or work-in-progress or supply inventory. Plaintiff's action falls more readily into the category described in Treas.Reg. 1.446–1(e)(ii)(b) that is "correction of mathematical or posting errors." There is no

allegation of fraud or bad faith on plaintiff's part and therefore we must assume that plaintiff's omission of the 3 items was inadvertent. It cannot be said that the omission of three items, while including the rest of the materials costs, was a proper method of accounting. It was most assuredly an error analogous to a mathematical or posting error. There has not been any change in method of accounting as contemplated by Sec. 481 but only a correction by plaintiff of an inventory error. Since the first condition of Sec. 481 has not been met, plaintiff's taxable income for 1969 should not be further adjusted. It is conceded that, but for Sec. 481, plaintiff would be entitled to invoke limitations as it would any other good faith error discovered in returns for closed years.

Accordingly, plaintiff's motion for summary judgment is granted, defendant's motion for summary judgment is denied, and judgment is entered for plaintiff in the amount of $27,618.80, with interest, as provided by law, from June 11, 1973.