T.C. Memo. 2000-112


UNITED STATES TAX COURT


EARTHQUAKE SOUND CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17551-98.               Filed March 30, 2000.


<u>Gregg M. Anderson</u>, for petitioner.

<u>Margaret S. Rigg</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $4,760 in petitioner's corporate Federal income tax for 1993.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The $4,760 deficiency determined by respondent is based on a change in petitioner's method of accounting for its California franchise tax liabilities. Petitioner does not dispute the change in its method of accounting for California franchise tax liabilities. Petitioner, however, contests the $14,000 section 481 adjustment relating thereto that respondent made.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner, a Delaware corporation, maintained its principal place of business in Menlo Park, California. Since December 26, 1989, petitioner has been subject to the California Bank and Corporation Franchise Tax (franchise tax). See Cal. Rev. & Tax. Code sec. 23151 (West 1992 & Supp. 1999).

The franchise tax is imposed on corporations for the privilege of doing business in California each year (privilege year). The franchise tax for the privilege year is computed on the basis of the corporation's net income earned in the previous year (income year).

From 1990 to 1995, for Federal income tax purposes, petitioner generally used the accrual method of accounting to compute its income and deductions. Petitioner, however, computed its deductions for its franchise tax liabilities under the cash method of accounting. On its 1992 corporate Federal income tax

return, petitioner deducted a total of $24,603 in franchise tax paid in 1992 relating to privilege year 1992 ($10,603) and to privilege year 1993 ($14,000).  On its 1993 corporate Federal income tax return, petitioner deducted a total of $36,229 in franchise tax paid in 1993 relating to privilege year 1993 ($11,029) and to privilege year 1994 ($25,200).

Respondent audited petitioner's corporate Federal income tax returns for 1993, 1994, and 1995.  During the audit, respondent required petitioner for 1993 and subsequent years to change its cash method of accounting for the franchise tax liabilities to the accrual method of accounting, under which a deduction in the privilege year is allowed only for franchise tax due for that year.

Respondent concluded that the change in petitioner's accounting method resulted in a deduction of the same $14,000 franchise tax both on petitioner's 1992 and 1993 corporate Federal income tax returns.  By the time respondent required the above change in petitioner's method of accounting for California franchise tax, under the period of limitations applicable to 1992, petitioner's 1992 corporate Federal income tax return was closed for assessment.

Relying on section 481, respondent then charged petitioner with a $14,000 section 481 adjustment for 1993.

- 4 -

OPINION

Section 481(a) requires that, if changes in methods of accounting occur, certain other adjustments to taxable income be made.  The purpose of adjustments under section 481 is "to prevent amounts from being duplicated or omitted" as a result of changes in methods of accounting.  Sec. 481(a)(2).

Section 6501(a) provides generally that the amount of any tax imposed by the Code is to be assessed within 3 years after the filing of a tax return.

Petitioner contends that respondent's $14,000 section 481 adjustment against petitioner for 1993 should not be allowed because it in effect reopens petitioner's 1992 closed Federal income tax return, violating the period of limitations applicable to petitioner's 1992 corporate Federal income tax liability.

The courts consistently hold that section 481 adjustments may be made in spite of the fact that the related years in which the duplicate deductions were taken have been closed by the applicable period of limitations.  See, e.g., Peoples Bank & Trust Co. v. Commissioner, 415 F.2d 1341, 1344 (7th Cir. 1969), affg. 50 T.C. 750 (1968); Graff Chevrolet Co. v. Campbell, 343 F.2d 568, 572 (5th Cir. 1965); Superior Coach, Inc. v. Commissioner, 80 T.C. 895, 912 (1983); German v. Commissioner, T.C. Memo. 1993-59, affd. without published opinion 46 F.3d 1141

(9th Cir. 1995).  In German, we explained the relationship between sections 481 and 6501 as follows:

> While respondent may be precluded by the statute of limitations from determining deficiencies in income tax for some of the prior years, section 481 authorizes an adjustment to income for the * * * [open] taxable year for the amount * * * erroneously deducted under * * * [petitioner's] accounting practice during closed years. * * * It is not meant to provide a means to correct errors of past years, but rather is intended to take into account in the year of change * * * those adjustments which are necessary solely by reason of the change in accounting method in order to prevent amounts from being duplicated or omitted.  [Citations omitted.]

As explained in Graff Chevrolet Co. v. Campbell, supra at 572, section 481 confers on respondent "ample power to change accounting methods and reassess income for open years; section 481 would be virtually useless if it did not affect closed years."

Respondent contends that the section 481 adjustment does not constitute an adjustment to petitioner's income for 1992, a closed year, but rather that it constitutes an adjustment to petitioner's income for 1993, an open year.  We agree with respondent.

Respondent's section 481 adjustment for 1993 did not effect a change in petitioner's 1992 taxable income.  The change in petitioner's method of accounting for franchise tax beginning for 1993 caused petitioner to deduct the same $14,000 amount twice.  Respondent's section 481 adjustment for 1993 was necessary to

eliminate the double deduction of the $14,000. We conclude that respondent's section 481 adjustment did not violate section 6501.

Petitioner also suggests that the $14,000 franchise tax deduction in question did not, for petitioner, constitute a "material item" and therefore that the section 481 adjustment should not be allowed.

Sections 1.446-1(e)(2)(ii)(a) and 1.481-1(a)(1), Income Tax Regs., provide generally that a change in method of accounting includes, among other things, a change in the treatment of a material item. Petitioner herein has failed to prove that the duplication of the $14,000 franchise tax deduction for 1993 was not material. A mere assertion in a brief that the parties did not stipulate as to the materiality of an item is not sufficient to establish the nonmateriality thereof.

We hold that section 6501 does not bar respondent from making the section 481 adjustment involved herein.

To reflect the foregoing,

Decision will be entered
under Rule 155.